UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MERCIER,

       Plaintiff,                               Case No. 18-cv-11007

       v.                                       District Judge David M. Lawson

COMMISSIONER OF                     Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Joseph Mercier seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 12) and Defendant's Motion for Summary Judgment (docket no. 13). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 3.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.**      **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

**II.     PROCEDURAL HISTORY**

Plaintiff applied for Disability Insurance Benefits ("DIB") on December 31, 2015, alleging that he has been disabled since October 2, 2010.  (TR 183–190.)  The Social Security Administration initially denied Plaintiff's claims on March 22, 2016.  (TR 107–110.)  On April 17, 2017, Plaintiff appeared with counsel and testified at a hearing before Administrative Law Judge ("ALJ") Allison Dietz.  (TR 31–87.)  At the hearing, Plaintiff amended his alleged onset date from October 2, 2010 to November 19, 2013.  (TR 35.)

On June 28, 2017, the ALJ issued an unfavorable decision on Plaintiff's claims.  (TR 15–26.)  Plaintiff requested review by the Appeals Council, which was denied on January 30, 2018.  (TR 1–3.)  On March 28, 2018, Plaintiff commenced this action for judicial review.  (Docket no. 1.)  The parties filed cross motions for summary judgment, which are currently before the Court.  (Docket no. 12; docket no. 13.)

**III.    HEARING TESTIMONY AND MEDICAL EVIDENCE**

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues.  (Docket no. 12, pp. 5–12.)  In addition, the ALJ summarized Plaintiff's medical record (TR 17–24), and Defendant adopted the ALJ's recitation of the facts (docket no. 13, p. 4).  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff did not engage in substantial gainful activity since the alleged onset date. (TR 17.) In addition, the ALJ found that Plaintiff had the following severe impairments: "lumbar and cervical disorders of the spine with radiculopathy; bilateral carpal tunnel syndrome; diabetes mellitus with neuropathy; obesity; depression; and anxiety." (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 18–19.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), subject to the following non-exertional limitations:

- Plaintiff can only occasionally climb ramps or stairs and can never climb ladders, ropes, or scaffolds.

- Plaintiff can only occasionally stoop, kneel, and crouch and can never crawl.

- Plaintiff can only occasionally reach in all directions bilaterally.

- Plaintiff can occasionally handle and/or finger with the right hand.

- Plaintiff cannot tolerate exposure to extreme heat or cold, vibration or vibrating tools, unprotected heights, moving mechanical parts, or commercial driving.

- Plaintiff is limited to simple routine tasks in an environment free from fast-paced production requirements (such as an assembly line, wherein all tasks must be completed within a strict timeframe) involving only simple, work-related decisions and involving few, if any, workplace changes.

(TR 19–20.) Based on this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of jobs that exist in significant numbers in the national economy, including counter clerk, accounts investigator, and furniture rental consultant. (TR 24–25.) Accordingly, the ALJ concluded that

Plaintiff has not been under a disability, as defined in the Social Security Act, since the alleged onset date.  (TR 25.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions.  Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528.  It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility.  *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole.  *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion.  *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the

decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

5

### C. Analysis

Plaintiff contends that the ALJ failed to give good reasons for discounting the opinion of his treating physician, Dr. Omar Ahmad. (Docket no. 12, pp. 13–17.)

Under the treating physician rule, the ALJ will give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

If the ALJ declines to give a treating source's opinion controlling weight, she must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). But the ALJ need not perform an exhaustive, step-by-step analysis of each factor; she need only provide "good reasons" for both her decision not to afford the physician's opinion controlling weight and for her ultimate weighing of the opinion. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017); 20 C.F.R. § 404.1527(d)(2). Such good reasons must be "supported by the evidence in the case record and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Titles II & XVI: Giving Controlling Weight to Treating Source Med. Opinions*, SSR 96-2p (S.S.A. July 2, 1996).

In a report dated March 17, 2017, Dr. Ahmad diagnosed Plaintiff with paresthesia, cervicalgia, spasm, lumbago, cervical fusion, and dysphagia and noted that "MRIs + EMGs show evidence of radiculopathy and degenerative disc disease." (TR 872–73.) Dr. Ahmad opined that

6

Plaintiff could not walk one block, could sit and stand for only ten minutes at a time, required a sit/stand option, could only rarely look up, down, left or right, needed to walk every ten minutes for ten minutes, and needed to take fifteen-minute breaks that would comprise 60% of his shift. (TR 874.)

The ALJ gave Dr. Ahmad's opinion only "partial weight," declining to adopt the proposed limitations on sitting, standing, walking and neck movement. (TR 23.) In support, the ALJ stated that the proposed limitations were "not consistent with [Dr. Ahmad's] treatment records, which show 5/5 motor strength in all extremities, even before cervical surgery." (*Id*.) The ALJ further noted that Dr. Ahmad's "treatment plans do not document the need for such significant restrictions." (*Id.*)

These reasons fail to sufficiently explain why the ALJ declined to adopt substantially all of Dr. Ahmad's proposed limitations. The fact that Plaintiff displayed normal strength in his extremities bears no apparent relation to whether back and neck pain preclude him from sitting or standing for extended periods. Likewise, the ALJ fails to specify which aspects of Dr. Ahmad's treatment plan conflict with his proposed limitations. Dr. Ahmad prescribed Plaintiff opioid pain medication and referred him to a physical therapist. (TR 480–82, 669–82.)

Because the ALJ did not give good reasons for discounting Dr. Ahmad's opinion, the Court should remand the case to the Commissioner of Social Security pursuant to 42 U.S.C. § 405. Although certain portions of Dr. Ahmad's opinion lack support, the Court "cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." *Wilson*, 378 F.3d at 546. The ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be

justified based upon the record." *Cole*, 661 F.3d at 939–40 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)).

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 12) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 13) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: May 28, 2019  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: May 28, 2019  s/ Leanne Hosking
Case Manager